## UNITED STATES v. AMERICAN SUGAR-REFINING CO.

(Circuit Court, S. D. New York. January 4, 1896.)

### No. 2,269.

CUSTOMS DUTIES—UNDERVALUATION—IMPORTATIONS OF SUGAR.

An importation of sugar was invoiced as "basis 81°," with a memorandum attached stating: "Purchased at 1 and 1/4 ct. per Sp. lb. net, basis 81° average, 1-32 cents per lb. to be added for each degree above 81° test, or 1-16c. per lb. to be deducted for each degree below 81° test; fractional of a degree pro rata." This meant that the price was to vary according to the quality, as shown by the polariscope test. Upon appraisal, the value of the sugar was found to be more than 10 per cent. above the price of 1¾ cents per pound, but much less than that above the price as fixed by the test according to the memorandum. *Held,* that this was not an undervaluation of more than 10 per cent., which would justify the imposition of an additional duty under section 7 of the customs administrative act of 1890.

This was an appeal by the United States from a decision of the board of general appraisers holding that certain importations of sugar made by the American Sugar-Refining Company were not undervalued to the extent of 10 per cent., and consequently that the additional duty provided for by section 7 of the customs administrative act of 1890 in such cases could not be imposed.

Wallace Macfarlane, U. S. Atty., and Henry C. Platt, Asst. U. S. Atty.

Stephen G. Clarke and John E. Parsons, for defendant.

WHEELER, District Judge. This importation is of sugar, entered on the invoice as "basis 81°," with a memorandum attached, becoming a part of the invoice, stating it as "purchased at 1 and 1/4 ct. per Sp. lb. net, basis 81° average, 1-32c. per lb. to be added for each degree above 81° test, or 1-16c. per lb. to be deducted for each degree below 81° test; fractional of a degree pro rata." This meant, and was understood at the customhouse to mean, a polariscope test, such as is in use there; and that the price was to vary according to the quality as should be shown by the test agreeably to the memorandum. It tested considerable above 81°, and the appraised value was more than 10 per cent. above the price of 1¾ cents per pound, and much less than that above the price according to the test and the memorandum. The government claims that this is an undervaluation of more than 10 per cent., and that an additional duty should be imposed for it as such under section 7 of the administrative customs act of 1890. Invoices must show the actual cost of goods purchased for importation, which becomes the value declared in the entry, if not raised by the importer; and the additional duty is imposed only in cases of 10 per cent. above this value. The act does not require that the actual cost be stated in any sums total, nor prohibit stating it by reference to prices of measurable quantities or qualities, but only that it shall somehow be stated. Now, this actual cost, as stated in the body of this invoice, was not 1¾ cents per pound in quantity only, but at 81° in quality,

as a basis, also. The memorandum added the variation in price by the quality. The price by quality was as ascertainable and as well ascertained as that by quantity; and both together made the actual cost of the purchase, without question as to the correctness of either. This was the entered value, below which the collector would have had no right to go if the appraised value had been less, and above which the appraised value must be reckoned to find the 10 per cent. As the appraised value did not reach 10 per cent. above this entered value, no liability for any additional duty on that account arose. Judgment affirmed